# CHICAGO LIFE INSURANCE COMPANY ET AL.
## *v.* CHERRY.

**ERROR TO THE APPELLATE COURT FOR THE FIRST DISTRICT OF THE STATE OF ILLINOIS.**

No. 171.    Argued April 18, 1917.—Decided May 7, 1917.

In an action on a sister state judgment a state court may inquire whether there was personal jurisdiction in the prior proceedings, notwithstanding the question was raised by the judgment defendant and affirmatively decided against him after full hearing both in the trial court which rendered the judgment and in the appellate courts of the same State to which he took the case for review.

The claim that a money judgment by a state court violates due process for want of jurisdiction over the defendant's person is not sustainable if the jurisdiction was questioned by him by plea in abatement and by proceedings in the state courts of review, and sustained after fair hearings before the judgment became finally effective.

A judgment rendered in such circumstances, being sued upon in the courts of another State, was sustained upon the ground that the matter of personal jurisdiction could not be reopened. *Held*, that no violation of due process was involved, since the original judgment satisfied due process and the reason assigned for upholding it, if erroneous, amounted only to a mistake concerning the law of the State in which the judgment was rendered.

A decision of a state court upholding a judgment of another State raises no question in this court under the Full Faith and Credit Clause.

What documentary matter should be filed with the declaration in an action in a state court upon a sister state judgment is a local question not reviewable by this court.

190 Ill. App. 70, affirmed.

THE case is stated in the opinion.

*Mr. Charles A. Atkinson*, with whom *Mr. Chilton P. Wilson* and *Mr. Charles J. O'Connor* were on the briefs, for plaintiffs in error:

The decisions of the Tennessee courts to the effect that they had jurisdiction over plaintiffs in error do not preclude the courts of Illinois from examining the record facts in the Tennessee courts to determine the question of jurisdiction. *D'Arcy* v. *Ketchum*, 11 How. 165; *Harkness* v. *Hyde*, 98 U. S. 476; *Haddock* v. *Haddock*, 201 U. S. 572; *Thompson* v. *Whitman*, 18 Wall. 457; *Sheldon* v. *Wabash Ry. Co.*, 105 Fed. Rep. 785; *Gilman* v. *Gilman*, 126 Massachusetts, 26; and other cases. A court cannot acquire jurisdiction by the mere assertion of it. *Gould* v. *Glass*, 19 Barb. 179; *Harkness* v. *Hyde*, *supra; In re Eichoff*, 101 California, 600; *Williamson* v. *Berry*, 8 How. 495; Brown on Jurisdiction, 2d ed., § 26. In raising the question plaintiffs in error merely filed pleas to the jurisdiction of the person; they entered no general appearance. In a suit upon a judgment recovered in another State against a foreign corporation there is no presumption of jurisdiction arising from the judgment alone. *Galpin* v. *Page*, 18 Wall. 350; *Settlemier* v. *Sullivan*, 97 U. S. 444. The rule of *res judicata* is inapplicable; it applies only where the court has jurisdiction of both the person and the subject-matter.

The Tennessee decisions were based upon the peculiar statutes of that State (Code of Tennessee, §§ 4543, 4545) which provide for service of process upon any agent of a foreign corporation found within the county where the suit is brought "no matter what character of agent such person may be," or, if such agent cannot be found, the one who represented the corporation at the time the transaction out of which the suit arose took place. It is submitted that these provisions are unconstitutional in that they authorize the service of process and a method of acquiring jurisdiction without an opportunity to the defendant to be heard, and thus deprive plaintiffs in error of their property without due process of law. *Scott* v. *McNeal*, 154 U. S. 34; *Thompson* v. *Whitman*, *supra;*

*St. Clair* v. *Cox,* 106 U. S. 350; *Goldey* v. *Morning News,* 156 U. S. 158.

Where a foreign corporation is not transacting business in the State where the judgment was rendered, the court can only acquire jurisdiction by an entry of appearance or waiver of service. *Pennoyer* v. *Neff,* 95 U. S. 714; *Peterson* v. *Chicago, Rock Island & Pacific Ry. Co.,* 205 U. S. 364; *Mutual Life Insurance Co.* v. *Spratley,* 172 U. S. 602; *Goldey* v. *Morning News,* 156 U. S. 518; and other cases.

The Federal Life Insurance Company was not doing business in Tennessee at the time of service, nor was service had upon its duly authorized agent. The service, therefore, was ineffectual to confer jurisdiction. *Peterson* v. *Chicago, Rock Island & Pacific Ry. Co., supra; Goldey* v. *Morning News, supra.* The return of the sheriff stating that the person served was served as agent of the Chicago Life Insurance Company, it being agent of the Federal Life at the time of the delivery of the policy, is ineffective, as service upon an agent of an agent. *Peterson* v. *Chicago, Rock Island & Pacific Ry. Co., supra; International T. B. Co.* v. *Heart,* 136 Fed. Rep. 129; *Union Pacific R. R. Co.* v. *Miller,* 87 Illinois, 45.

Service of process on the Insurance Commissioner as agent of the Chicago Life Insurance Company was also invalid. Section III, c. 253, of the Acts of Tennessee, requires service upon the Insurance Commissioner by the proper officer of the county in which the commissioner may have his office. The record fails to show that the Chicago Life was licensed to do business in Tennessee or that it was doing business there at the time of service. The statute does not and the Chicago Life did not authorize the commissioner to accept service for it. Where a statute provides the manner of service of process that method must be followed. *Settlemier* v. *Sullivan, supra; Farmer* v. *Mutual Life Association,* 50 Fed. Rep. 829, 831;

*Hebal* v. *Amazon Insurance Co.*, 33 Michigan, 400; *Bennett* v. *Supreme Tent of K. & M. of W.*, 82 Pac. Rep. 744; *Eisenhofer* v. *New Yorker Zeitung Pub. & Prtg. Co.*, 86 N. Y. Supp. 438. It follows that the process issuing out of the Circuit Court of Chester County, directed to the sheriff of Davidson County, and served on the Commissioner in the latter county as agent of the Chicago Life, did not confer jurisdiction upon the Circuit Court. of Chester County, where the suit was brought.

The case of *Forsyth* v. *Hammond*, 166 U. S. 506, does not apply to the case at bar. In bringing action in the Supreme Court of Indiana, Mrs. Forsyth submitted herself to the jurisdiction of that court and the question whether the court had jurisdiction over her was not involved. In the present case the suing out of a writ of error in the Court of Civil Appeals and petitioning for a certiorari from the Supreme Court were not the bringing of an original or a new action in either of those courts. *Nations* v. *Johnson*, 24 How. 195, 204; *Pennoyer* v. *Neff*, 95 U. S. 714, 734. If the Circuit Court of Chester County did not have jurisdiction of plaintiffs in error, neither that court nor the Court of Civil Appeals had power to render judgment against them. *Goldey* v. *Morning News*, 156 U. S. 518; *Harkness* v. *Hyde*, 98 U. S. 476; *Walling* v. *Beers*, 120 Massachusetts, 549; *Fisher Sons & Co.* v. *Crowley*, 57 W. Va. 312.

*Mr. Vernon R. Loucks*, with whom *Mr. Fred H. Atwood* and *Mr. Charles O. Loucks* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit in Illinois upon a judgment recovered in Tennessee against the insurance companies, plaintiffs in error. They pleaded and set up at the trial that there never was a valid service upon them in Tennessee and

that the judgment was void. The defendant in error (the plaintiff) showed in reply, without dispute, that the defence was urged in Tennessee by pleas in abatement, that, upon demurrer to one plea and upon issue joined on the other, the decision was for the plaintiff, and that the judgment was affirmed by the higher courts. The plaintiff had judgment at the trial in Illinois, the judgment was affirmed by the Appellate Court and a writ of certiorari was denied by the Supreme Court of that State. The insurance companies say that the present judgment deprives them of their property without due process of law. Other sections of the Constitution are referred to in the assignments of error but they have no bearing upon the case.

The ground upon which the present judgment was sustained by the Appellate Court was that as the issue of jurisdiction over the parties was raised and adjudicated after full hearing in the former case it could not be reopened in this suit. The matter was thought to stand differently from a tacit assumption or mere declaration in the record that the court had jurisdiction.

A court that renders judgment against a defendant thereby tacitly asserts, if it does not do so expressly, that it has jurisdiction over that defendant. But it must be taken to be established that a court cannot conclude all persons interested by its mere assertion of its own power, *Thompson* v. *Whitman*, 18 Wall. 457, even where its power depends upon a fact and it finds the fact. *Tilt* v. *Kelsey*, 207 U. S. 43, 51. A divorce might be held void for want of jurisdiction although the libellee had appeared in the cause. *Andrews* v. *Andrews*, 188 U. S. 14, 16, 17, 38. There is no doubt of the general proposition that in a suit upon a judgment the jurisdiction of the court rendering it over the person of the defendant may be inquired into. *National Exchange Bank* v. *Wiley*, 195 U. S. 257. *Haddock* v. *Haddock*, 201 U. S. 562, 573. But when the power of the court in all other respects is established, what acts of the

defendant shall be deemed a submission to its power is a matter upon which States may differ. If a statute should provide that filing a plea in abatement, or taking the question to a higher court should have that effect, it could not be said to deny due process of law. The defendant would be free to rely upon his defence by letting judgment go by default. *York* v. *Texas,* 137 U. S. 15. *Western Life Indemnity Co.* v. *Rupp,* 235 U. S. 261, 272, 273. If without a statute a court should decide as we have supposed the statute to enact, it would infringe no rights under the Constitution of the United States. That a party that has taken the question of jurisdiction to a higher court is bound by its decision was held in *Forsyth* v. *Hammond,* 166 U. S. 506, 517. It can be no otherwise when a court so decides as to proceedings in another State. It may be mistaken upon what to it is matter of fact, the law of the other State. But a mere mistake of that kind is not a denial of due process of law. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining & Milling Co.,* 243 U. S. 93, 96. Whenever a wrong judgment is entered against a defendant his property is taken when it should not have been, but whatever the ground may be, if the mistake is not so gross as to be impossible in a rational administration of justice, it is no more than the imperfection of man, not a denial of constitutional rights. The decision of the Illinois courts, right or wrong, was not such a denial. If the Tennessee judgment had been declared void in Illinois this court might have been called upon to decide whether it had been given due faith and credit. *National Exchange Bank* v. *Wiley,* 195 U. S. 257. But a decision upholding it upon the ground taken in the present case does not require us to review the Tennessee decision or to go further than we have gone. An objection that a copy of the document sued upon should have been filed with the declaration is a matter of state procedure and not open here.

*Judgment affirmed.*