## No. 8892.

### DEGGE *v*. BAXTER, TRUSTEE.

Decided December 3, 1917. Rehearing denied January 7, 1918.

Action on judgment of a foreign state. Judgment for plaintiff.

### *Affirmed.*

1. JUDGMENT—*Res judicata.* Plaintiff obtained judgment against defendant in Virginia, upon which another judgment was granted in the District of Columbia. In an action upon the latter judgment, upon review, *held*, that the question of jurisdiction of the Virginia court, having been litigated and determined by the District of Columbia court, which admittedly had jurisdiction, could not, again be tried.

2. *Foreign State.* The judgment of a foreign state having jurisdiction, in the absence of fraud, is entitled to full faith and credit in the courts of this state.

*Error to the District Court of the City and County of Denver, Hon. John A. Perry, Judge.*

Mr. O. A. ERDMAN, for plaintiff in error.

Messrs. DANA & BLOUNT, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error had judgment against the plaintiff in error in an action on a judgment rendered in the Supreme Court of the District of Columbia; and the cause is here on error.

The defense, as disclosed by the answer, is that the judgment sued on was rendered in an action on a judgment recovered "in a Virginia court, upon a false and fraudulent declaration", and which was alleged to have been "procured in the absence of the defendant, by default, without the knowledge of the defendant, and on which no writ, summons or other process was ever served upon the defendant in the suit."

The record contains a part of the record in the District of Columbia case, in which appear the writ and the return in the Virginia case. It there appears that the writ was served personally upon the wife of defendant Degge, she being a defendant, and upon him by leaving a copy of the writ with her at the family residence.

The Court of Appeals of the District of Columbia, in *Degge v. Baxter*, 41 App. D. C. 169, held that the Virginia court had jurisdiction, and that it would not consider matters which might have been presented in the Virginia courts.

No claim is made that the District of Columbia court did not have jurisdiction, and it is the judgment of that court and not that of the Virginia court which was the basis of the action under review. It seems that the plaintiff in error, the defendant in that action, raised the objection that the judgment there sued on was rendered by a court which did not have jurisdiction. That question was decided against him by a court admitted to have jurisdiction to determine it. He cannot now try that issue again in an action on the judgment rendered in that suit. The trial court properly struck out so much of the answer as recited the grounds of objection to the judgment in the Virginia case. There is no allegation of fraud in the procuring of the judgment on which suit is brought, and it is entitled to full faith and credit in the courts of this state.

We have considered the other errors assigned, and find no merit in them. The judgment is affirmed.

Mr. Justice Hill and Mr. Justice Scott concur.