## AEROVOX CORPORATION v. CONCOURSE ELECTRIC CO., Inc., et al.

No. 368.

Circuit Court of Appeals, Second Circuit.

June 14, 1937.

616

sued in due course against the defendant and its privies. Before that, however, the assets of the defendant were purchased by Sade Levenberg, one of the present appellants, whose husband, Samuel Levenberg, another appellant, was president of Concourse Electric Company, Inc. Sade Levenberg transferred the business in June, 1933, to Chicago where she began making and selling dry electrolytic condensers under the trade name of Concourse Condenser Company. After the original decree was issued, a supplemental injunction was sought and obtained restraining Sade Levenberg expressly from infringing the patent claims by the use of the patented electrolyte. We also affirmed this decree. See 86 F.(2d) 992.

The present order was made upon the application of Aerovox Corporation supported by affidavits to the effect that Sade Levenberg, under the trade-name of Concourse Condenser Company, changed to Condenser Products Company, had sold condensers made with the infringing electrolyte to the Newark Electric Company, of Chicago, Ill., in violation of the supplemental injunction. Such sale is not controverted, but it is denied both that the injunction is binding upon Sade Levenberg and that proper service of the order to show cause was had to give the court jurisdiction over any of the appellants.

■ There were no findings of fact or conclusions of law filed below, though a memorandum was filed, indicating the basis of the order made. The better practice requires a finding of facts which will make it clear what conduct has been held contemptuous, though the failure to do so is not necessarily fatal. Ryals v. United States (C.C.A.) 69 F.(2d) 946. And here the violation of the terms of the supplemental injunction by Sade Levenberg has been made to appear.

■ Before leaving the factual phase of the appeal, however, it must be noticed that the corporate appellant, Concourse Electric Company, Inc., has not been shown to have been guilty of contempt nor has appellant Samuel Levenberg. Concourse Electric Company, Inc., had no part in the sale above mentioned. It is a defunct corporation without assets or business and has apparently become subject to dissolution if not actually dissolved for failure to pay franchise taxes. Samuel Levenberg's connection with any violation of the injunction rests wholly upon a Dun & Bradstreet report incorpo-

Dean, Fairbank, Hirsch & Foster, of New York City (Morris Hirsch and S. A. Demma, both of New York City, of counsel), for plaintiff-appellee.

Albert Lavenburg, of New York City, for defendant corporation, and Samuel P. and Sade Levenberg, all appearing specially.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was originally brought in equity by the plaintiff against Concourse Electric Company, Inc. for the infringement of two Georgiev patents, Nos. 1,789,949 and 1,815,768, for an electrolytic dry cell and an electrolyte, respectively. The bill was dismissed in the District Court, but we reversed the decree on appeal. Aerovox Corporation v. Concourse Electric Co., Inc., 65 F.(2d) 386. Some of the claims were held valid and infringed and the decree on mandate provided for an injunction which is-

rated by reference in an affidavit. It is but hearsay evidence of no probative value whatever. So the order as to both of these appellants must be reversed on the facts.

As to Sade Levenberg, it is urged that the order is erroneous because the supplemental injunction was not served upon her; because the order to show cause was not served upon her personally but only upon Messrs. Lavenburg & Levenberg, 99 Wall St., N. Y., a firm of attorneys of whom Albert Lavenburg is a member. Albert Lavenburg was the attorney of record for Concourse Electric Company, Inc., in the infringement suit, is a brother of Samuel Levenberg, and now appears specially for all these appellants.

 These contentions, however, are both untenable. The supplemental decree was issued by the court having unquestioned jurisdiction of the subject matter. Its validity as to Sade Levenberg is res adjudicata. The former decree holding her generally subject to restraint in the supplemental injunction is now conclusive. Restatement of Conflicts, § 451, Illustration 2; Beale on Conflict of Laws, § 450 (9); Degge v. Baxter, 69 Colo. 122, 169 P. 580; Hall v. Wilder Mfg. Co., 316 Mo. 812, 293 S.W. 760, 52 A.L.R. 723. See, also, Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966.

 Having become subject to the restraint of the supplemental injunction, Sade Levenberg was no more at liberty to violate its provisions outside the jurisdiction of the court than within, "as the contempt lay in the fact, not in the place, of the disobedience to the requirement." Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 52 S.Ct. 238, 240, 76 L.Ed. 389. Nor could she escape the consequences of her conduct by appearing specially to contest jurisdiction in this proceeding after service had been made upon the attorney of record in the prior proceeding, for she had actual notice and that was sufficient. Leman v. Krentler-Arnold Hinge Last Co., supra.

 Though Sade Levenberg was subject to punishment for contempt for violation of the supplemental injunction, this proceeding is not in the nature of one to collect costs previously assessed in the patent accounting which followed the original suit for infringement of the patents. An order therein was outstanding and unsatisfied for the payment of $1,098 as costs and the fine imposed was for exactly that amount. This being a civil contempt, the fine is remedial and for the benefit of the plaintiff. Gompers v. Buck's Stove & R. Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.(N.S.) 874. Its purpose is to reimburse the plaintiff for loss and expenses occasioned by the contumacious conduct of the offender. Cheatham Electric S. D. Co. v. Transit Development Co. (C.C.A.) 261 F. 792. As the amount of the fine was not disproportionate to what might fairly have been imposed, however, we modify it only to the extent of reducing it to $1,000.

Order reversed as to appellants Concourse Electric Company, Inc., and Samuel P. Levenberg; modified and, as modified, affirmed as to Sade Levenberg.