GRACE ISSERMAN, complainant-appellant,

*v.*

ABRAHAM ISSERMAN, defendant-respondent.

[Argued February 8th, 1946. Decided May 3d, 1946.]

*Mr. Charles M. Grosman,* for the complainant-appellant.

*Mr. Milton M. Unger,* for the defendant-respondent.

The opinion of the court was delivered by

BODINE, J.

The appellant secured in this state in the year 1927 a decree for separate maintenance. For several years, a weekly allow-

ance of $45 was paid for her support and the support and education of an infant son. In February of 1943, the defendant claims he became a resident of the State of Nevada and instituted in that state an action for divorce.

Complainant filed an answer in that cause and sought by cross-complaint a divorce. The result of this proceeding was a final decree for absolute divorce granted to the defendant with provision for the support and maintenance of his wife and minor child. Thereafter, the defendant herein sought a modification of the final decree previously made in this state, and the complainant resisted the application on the ground that the Nevada decree was procured by fraud.

At the trial before the learned advisory master, complainant sought to take testimony in open court on the issue as to whether the defendant was in fact and in law domiciled in Nevada at the time the divorce in that state was procured. This application was denied and we think erroneously.

In the absence of a request for oral hearing the affidavits might have been used but where the issue was bitterly disputed due process of law can best be satisfied if the issues had been determined on oral proof. *Test* v. *Test, 131 N. J. Eq. 197; Lazarus* v. *Home Building and Loan Association, 133 N. J. Eq. 367.* The opportunity to cross-examine was denied to the appellant and this was a right to which she was entitled, unless some law, the existence of which has not been brought to our attention, provides otherwise. It may be that oral proofs may not change the result, but nonetheless orderly process requires its use.

The law in this class of cases seems to be settled as the facts in each instance may develop; hence, the importance of taking the proofs as required by law.

Mr. Justice Frankfurter said in *Williams* v. *State of North Carolina (second case), 325 U. S. 226* (at *p. 230*) : "It is one thing to reopen an issue that has been settled after appropriate opportunity to present their contentions has been afforded to all who had an interest in its adjudication. This applies also to jurisdictional questions. After a contest these cannot be relitigated as between the parties. *Forsyth* v. *Hammand, 166 U. S. 506, 517; 17 S. Ct. 665, 670; 41 L. Ed. 1095;*

*Chicago Life Insurance Co.* v. *Cherry, 244 U. S. 25, 30; 37 S. Ct. 492, 493; 61 L. Ed. 966; Davis* v. *Davis, supra.* But those not parties to a litigation ought not to be foreclosed by the interested actions of others, especially not a state which is concerned with the vindication of its own social policy and has no means, certainly no effective means, to protect that interest against the selfish action of those outside its borders. The state of domiciliary origin. should not be bound by an unfounded, even if not collusive, recital in the record of a court of another state. As to the truth or existence of a fact, like that of domicil, upon which depends the power to exert judicial authority, a state not a party to the exertion of such judicial authority in another state but seriously affected by it has a right, when asserting its own unquestioned authority, to ascertain the truth or existence of that crucial fact."

And again (at *p. 239*) : "We conclude that North Carolina was not required to yield her state policy because a Nevada court found that petitioners were domiciled in Nevada when it granted them decrees of divorce. North Carolina was entitled to find, as she did, that they did not acquire domicils in Nevada and that the Nevada court was therefore without power to liberate the petitioners from amenability to the laws of North Carolina governing domestic relations. And, as was said in connection with another aspect of the Full Faith and Credit clause, our conclusion 'is not a matter to arouse the susceptibilities of the states, all of which are equally concerned in the question and equally on both sides.' *Fauntleroy* v. *Lum, 210 U. S. 230, 238; 28 S. Ct. 641, 643; 52 L. Ed. 1039.*"

The decree will be reversed, with costs.

*For affirmance*—WELLS, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, RAFFERTY, DILL, MC-GEEHAN, JJ. 10.