GONZÁLEZ PADÍN Co., INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL A. BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 111. Argued March 10, 1947.—Decided April 22, 1947.

Celestino Iriarte, F. Fernández Cuyar, and H. González Blanes for
petitioner. Luis Negrón Fernández, Acting Attorney General,
and J. B. Fernández Badillo, Deputy Attorney General, for in-
tervener, respondent in the main proceeding.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Padín filed a complaint in the Tax Court against a Victory
Tax deficiency. The Tax Court dismissed the complaint for
lack of jurisdiction. In Certiorari No. 76 we reversed the
Tax Court and ordered it to hear the case on the merits.
66 P.R.R. 23. Padín did not pay the tax under protest be-
fore coming here, and the Treasurer did not assert that we
lacked jurisdiction for that reason.

Thereafter, the Tax Court conducted a hearing and once
more dismissed the complaint, this time on the merits. Pa-
dín paid the deficiency under protest and filed Certiorari No.
111, which we granted, to review this second decision. The
Treasurer has moved to dismiss this second proceeding. He
argues that we never obtained jurisdiction in No. 76 because
Padín did not pay the tax under protest before invoking the
jurisdiction of this Court. According to the Treasurer, since
we never had jurisdiction, our decision in No. 76 was void.
He then concludes that the decision of the Tax Court on the
merits, made pursuant to our mandate in No. 76 and which

Padín now seeks to review in No. 111, was also void. His position is that the original decision of the Tax Court dismissing the complaint for lack of jurisdiction is still in effect because we had no jurisdiction to set it aside in No. 76. He therefore proposes.that we discharge the present writ, granted in No. 111.

■ Padín argues that even if we assume that we had no jurisdiction in No. 76 and that our decision therein is therefore void, the original decision of the Tax Court dismissing for lack of jurisdiction which we reversed in that case is no longer in effect. Padín contends that even without a valid mandate from us, we should presume that the Tax Court was convinced by the reasoning of our opinion in No. 76 and therefore corrected its error on its own initiative by setting aside its original decision, conducting a hearing and entering a new decision on the merits.

However, apart from the troublesome question of the power of the Tax Court to modify on its own initiative its original decision long after it was rendered, it is not for us to speculate as to whether the Tax Court would have changed its original decision if it had not felt bound to do so by our mandate in No. 76, which the Treasurer never challenged until he filed the present motion to dismiss No. 111 in this Court. "According to an early English judge, 'The devil himself knoweth not the mind of man,' and a modern reviewing court is not much better equipped to lay bare unexposed mental processes." *National Lab. Rel. Bd.* v. *Donnelly Garment Co.*, 330 U. S. 219, 224, 91 L.ed. 673, 679. We are therefore constrained to hold that if we assume our original decision in No. 76 is void, this carries with it the corollary that action taken pursuant to its mandate in the Tax Court is likewise void.

■ Padín next argues that we had jurisdiction is No. 76. Its point here is that § 76(a) of the Income Tax Act provides for review by special certiorari only if the Tax Court determines a deficiency; that in its first decision the Tax Court

did not determine a deficiency, but simply held that it lacked jurisdiction to determine whether or not there was any deficiency; that no special remedy to review such a decision exists; that our writ in No. 76 was therefore not a special certiorari, which requires payment under protest, but a classical writ of certiorari issued pursuant to §§ 670 and 671 of the Code of Civil Procedure, which do not require payment under protest; that the Treasurer in not moving to dismiss No. 76 for lack of jurisdiction took the correct view of the law; and therefore that we had jurisdiction to render our decision in No. 76 as reported in 66 P.R.R. 23.

To find that the writ we issued in No. 76 was a classical writ, we would have to hold (1) that the Tax Court is a "court" within the meaning of § 670, cf. *Mayagüez Lt. P. & I. Co.* v. *Tax Court,* 65 P.R.R. 28, 34, footnote 2; and (2) that the Legislature did not mean to provide that the remedy of special certiorari, found in the Income Tax Act and Act No. 169, Laws of Puerto Rico, 1943, for review of decisions of the Tax Court by us, shall be exclusive.

However, we need not pursue these two questions. A final decision of the Tax Court may be reviewed by us by the special certiorari provided by § 5 of Act No. 169. And the decision of the Tax Court in No. 76 dismissing the complaint for lack of jurisdiction was certainly final and therefore reviewable here through such a special certiorari. See *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737; *Ballester* v. *Court of Tax Appeals,* 60 P.R.R. 749. The only problem therefore is whether, to obtain review here of such a decision, a taxpayer must pay the deficiency under protest.

In *Clínica Díaz García* v. *Tax Court,* 65 P.R.R. 88, the petitioner argued in its brief that § 76(a) of the Income Tax Act requires payment under protest in order to invoke the jurisdiction of this Court only when "a taxpayer should not agree with a deficiency . . . determined" by the Tax Court; that when the Tax Court refuses to entertain juris-

diction, it does not "determine" a deficiency; and therefore that in the latter case such a decision is reviewable here by the special certiorari without any payment under protest. The petitioner there pointed out that if we reversed the Tax Court, ordering it to assume jurisdiction, and at a new hearing the Tax Court did in fact "determine" a deficiency, review by this Court could then be invoked only if payment were made under protest pursuant to § 76(a). The Treasurer made no contrary argument in his brief, and we assumed jurisdiction and proceeded to pass on the merits of the question presented in that case. Although, unlike the *Díaz García* case, neither party made any argument on this point in No. 76, we likewise entertained that cause and decided it. The Treasurer, who did not oppose the affirmative argument of the petitioner in the *Díaz García* case and who acquiesced in our action in entertaining No. 76, now maintains that both cases were incorrectly decided on this point. We do not agree and now make explicit our implicit holdings in those two decisions that where the Tax Court dismisses a suit involving an income tax deficiency for lack of jurisdiction, no payment thereof under protest is necessary to reach this Court by special certiorari for review of the jurisdictional question.

We find nothing in the Federal statutes and cases to the contrary. Under § 76(a) of our Act, this Court obtains jurisdiction only if payment is made under protest of a deficiency "determined" by our Tax Court. *Bonet* v. *Yabucoa Sugar Co.,* 306 U. S. 505. To obtain review of a decision of the Federal Tax Court in the Circuit Court of Appeals, no payment under protest is required; but the taxpayer must post a bond if he desires, while the case is pending in the Circuit Court of Appeals, to stay collection of a deficiency "determined" by the Federal Tax Court. 26 U.S.C.A. § 1145. The question then arises as to whether such a bond must be posted to stay collection while the Circuit Court of Appeals reviews a decision in which the Federal Tax Court does not

"determine" a deficiency, but rather dismisses a petition of the taxpayer for lack of jurisdiction.

■■ Just as in our system, a dismissal of a proceeding for lack of jurisdiction by the Federal Tax Court constitutes a decision which is reviewable by the Circuit Court of Appeals. *Michael* v. *Commissioner of Internal Revenue*, 56 F.(2d) 825 (C.C.A. 2nd, 1932); 9 Mertens, Law of Federal Income Taxation, § 51.18, pp. 393–4. While we have found no Federal cases in point, such a dismissal for lack of jurisdiction would not seem to constitute a "determination" of a deficiency of the Federal Tax Court which requires the posting of a bond pursuant to § 1145 to avoid collection of the deficiency while review is pending in the Circuit Court of Appeals. Title 26 U.S.C.A. § 1117(c) seems in accord with this view. It provides that a decision of the Federal Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered on the date an order specifying the amount of the deficiency is entered; on the other hand, if the Federal Tax Court dismisses a proceeding for lack of jurisdiction, the decision of the Federal Tax Court is held to be rendered on the date of the order dismissing for lack of jurisdiction. Cf. *Uncasville Mfg. Co.* v. *Commissioner of Internal Revenue*, 55 F.(2d) 893 (C.C.A. 2nd, 1932); 9 Mertens, *supra*, § 51.18, footnote 17, p. 394.

We recently held that a new computation must be filed before a decision of the Tax Court wholly adverse to a taxpayer is treated as final. *Buscaglia* v. *Tax Court, Arcelay, Intervener,* ante, p. 12. But since we hold here that the taxpayer need not pay under protest to obtain review in this Court of a decision of the Tax Court dismissing for lack of jurisdiction a complaint disputing an income tax deficiency, such a decision is final without the new computation.

■ In view of the result we have reached, we need not determine whether we would agree with the following argument: This is not a case like *Casanovas & Cía., Sucrs., Inc.* v. *Court of Tax Appeals*, 61 P.R.R. 52, where we discovered

that we had no jurisdiction before the case was closed and on our own motion dismissed for lack of jurisdiction. Nor is there any contention here that we lacked jurisdiction over the persons or the subject matter involved. Rather the contention here is that a jurisdictional fact did not exist in No. 76. We had jurisdiction to determine that jurisdictional fact, and therefore to determine whether we had jurisdiction. By our decision in No. 76 we implicitly determined that fact in favor of Padín. The Treasurer could have but did not contest that finding. It cannot now be relitigated even though our original decision on that question might have been erroneous. See Restatement, Judgments, § 10, including comment c at p. 62; *United States* v. *John L. Lewis*, 330 U. S. 258, 91 L.ed. 595, 614, footnote 57, concurring opinion of Mr. Justice Frankfurter, pp. 623–24; *Angel* v. *Bullington*, 330 U. S. 183, 91 L.ed. 557; *Treinies* v. *Sunshine Min. Co.*, 308 U. S. 66; *Stoll* v. *Gottlieb*, 305 U. S. 165; *Chicago Life Ins. Co.* v. *Cherry*, 244 U. S. 25; *Baldwin* v. *Traveling Men's Assn.*, 283 U. S. 522; *American Surety Co.* v. *Baldwin*, 287 U. S. 156; *Des Moines Nav. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552; *Yakus* v. *United States*, 321 U. S. 414, 472–73, footnote 23, dissenting opinion of Mr. Justice Rutledge; Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1, 18, footnote 38; Medina, Conclusiveness of Rulings on Jurisdiction, 31 Col.L.Rev. 238; 26 Ill.L.Rev. 432; Gavit, Jurisdiction of the Subject Matter and Res Judicata, 80 U. of Pa.L.Rev. 386; Stumberg, Conflict of Laws, pp. 80, 110. Cf. *Avellanet* v. *Porto Rican Express Co.*, 64 P.R.R. 660.[1]

The motion to dismiss will be denied.

Mr. Justice Marrero did not participate herein.

---

[1] If we agreed with the argument outlined in our last paragraph, a subsidiary question, which we likewise find it unnecessary to determine here, would arise: Would our action in No. 76 be *res judicata* on the theory that No. 76 and No. 111 are "different" cases; or would it be the law of the case, *Olmedo* v. *Rivera*, 65 P.R.R. 45, 52, on the theory that No. 76 and No. 111 are one case involving the same controversy at different stages? Cf. *National Lab. Rel. Bd.* v. *Donnelly Garment Co., supra.*