**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Lucio APPLETON–LEWIS,**
Defendant–Appellant.

No. 06–50349.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed May 30, 2007.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lucio Appleton–Lewis, Taft, CA, pro se.

Darla J. Mondou, Esq., Marana, AZ, for Defendant–Appellant.

Before: FISHER and CLIFTON, Circuit Judges and FOGEL, District Judge.*

## MEMORANDUM **

Defendant–Appellant Lucio Appleton–Lewis appeals his conviction and 145-month sentence, imposed for violating 46 U.S.C.App. § 1903 (2005) (current amended and recodified version at 46 U.S.C. §§ 70502–06), conspiracy to possess cocaine with intent to distribute on board a vessel.

Appellant pled guilty to violating §§ 1903(a), (c) and (j), and acknowledged that each of the elements of the crime was present and that there was a factual basis for the plea. Appellant also conceded that he "was on board a vessel, subject to the jurisdiction of the United States." During the plea colloquy, Appellant admitted that his vessel was stateless.

Appellant's conviction and sentence are valid even though the district court did not *expressly* determine as a preliminary question of law that Appellant's vessel was "stateless" and therefore "subject to the jurisdiction of the United States."[1] Section 1903(f) requires that "[a]ll jurisdictional issues ... be determined solely by the trial judge," but does not mandate that district courts make an express finding of subject matter jurisdiction.

"Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter." *Stoll v. Gottlieb*, 305 U.S. 165, 171–72, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *see also Chicago Life Ins. Co. v. Cherry*, 244 U.S. 25, 29, 37 S.Ct. 492, 61 L.Ed. 966 (1917) ("A court that renders judgment against a defendant thereby tacitly asserts, if it does not do so expressly, that it has jurisdiction over that defendant."). By rendering judgment against Appellant, the district court tacitly—and validly—concluded that it had subject matter jurisdiction over the case. *See United States v. Long*, 706 F.2d 1044, 1050 (9th Cir.1983).

**AFFIRMED.**

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Appellant does not argue that the district court lacked jurisdiction because his vessel was not, in fact, stateless. *See United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987) (holding that a plea of guilty is an admission of all material facts alleged in the charge, including those facts that serve as factual predicates to subject matter jurisdiction).