**BLUME LAW FIRM PC, an Arizona professional corporation, Respondent,**

v.

**Jason E. PIERCE, et al., Defendants,**

**Raymond R. Pierce, et al., Appellants.**

**No. A06–2311.**

Court of Appeals of Minnesota.

Dec. 4, 2007.

Frederick R. Kopplin, Kopplin Law Offices, P.A., Minneapolis, MN and Lee R. Johnson, Johnson & Greenberg, PLLP, St. Louis Park, MN, for appellants.

Considered and decided by PETERSON, Presiding Judge; LANSING, Judge; and KLAPHAKE, Judge.

## OPINION

LANSING, Judge.

The district court denied Raymond and Linda Pierce's motion to vacate an Arizona judgment docketed in Minnesota under the Uniform Enforcement of Foreign Judgments Act. We conclude that the district court properly rejected the Pierces' jurisdictional argument. But because the record indicates that the Arizona judgment may have been obtained through fraud, we reverse and remand.

## FACTS

Raymond and Linda Pierce are Minnesota residents who occasionally visit their son who resides in Arizona. During one of their visits, Raymond Pierce purchased a motorcycle. The motorcycle's title lists Raymond Pierce with an Arizona address.

In 2004 the Pierces' son obtained legal services from the Blume Law Firm. The son pledged the motorcycle as security for the firm's legal fees. The Pierces apparently had no contact with the law firm or connection to the security agreement until after the Blume Law Firm sued.

In June 2005 the Blume Law Firm sued the son and the Pierces in Arizona superior court for unpaid legal fees. The complaint raised four counts. The first three counts relate to legal fees owed to the law firm. The fourth count involves the title to the motorcycle. The Pierces submitted an answer in which they denied that the Arizona court had jurisdiction over them. The Blume Law Firm then brought a summary-judgment motion and submitted an affidavit claiming that *both* the son *and* Raymond Pierce had agreed to be responsible for the attorneys' fees and had signed a promissory note and security agreement. The Pierces failed to respond to the summary-judgment motion.

The Arizona court granted the law firm's motion and awarded the law firm $28,000 in damages and $1,500 in legal fees. The district court order provided that the law firm could apply for transfer of title to the motorcycle. The Pierces did not appeal.

The Blume Law Firm docketed the judgment in Minnesota under the Uniform Enforcement of Foreign Judgments Act. The Pierces then obtained counsel and moved to vacate the docketing of the judgment in Minnesota, arguing primarily that Arizona did not have jurisdiction. Their son also brought a pro se motion to vacate

the Arizona judgment. After the Arizona court denied the son's motion, the Minnesota district court similarly denied the motion to vacate. The district court reasoned that the jurisdictional issue had been raised in Arizona and could not be relitigated in Minnesota. The Pierces now appeal.

## ISSUES

I. Can the Pierces raise their personal-jurisdiction challenge in Minnesota after raising the issue in an Arizona court and then failing to pursue the issue or to appeal the adverse decision?

II. Can the Arizona judgment be set aside under the fraud exception to the general requirements of the Full Faith and Credit Clause?

## ANALYSIS

■ The Uniform Enforcement of Foreign Judgments Act provides that judgments from other states are "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court or the Supreme Court of this state, and may be enforced or satisfied in like manner." Minn.Stat. § 548.27 (2006). But our power to vacate foreign judgments is limited by the Full Faith and Credit Clause. *United Bank of Skyline, N.A. v. Fales,* 405 N.W.2d 416, 417–18 (Minn.1987).

■ The federal constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Because of the Full Faith and Credit Clause, Minnesota must, in general, recognize and enforce final judgments from other states. *Matson v. Matson,* 333 N.W.2d 862, 868 (Minn.1983); *see also* Minn.Stat. §§ 548.26–.33 (2006) (establishing proce-

dure for enforcing judgments from other states). The central issue in this case is whether the Full Faith and Credit Clause requires Minnesota courts to enforce the Arizona judgment. This involves a question of law, which we review de novo. *See Brown–Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 215 (Minn. 2007) (noting that questions of law are reviewed de novo).

## I

■■■ The Pierces' primary argument is that Minnesota courts should disregard the Arizona judgment because the Arizona court did not have jurisdiction. A judgment is not entitled to full faith and credit if the original forum did not have jurisdiction. *Pennoyer v. Neff*, 95 U.S. 714, 729, 24 L.Ed. 565 (1877).

■■■ But the Full Faith and Credit Clause forbids relitigation of jurisdictional issues in two situations. First, if the jurisdictional question has been "fully and fairly litigated" in the original forum, the second state is bound by the original determination. *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963). Second, personal jurisdiction—unlike subject-matter jurisdiction—can be waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–04, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982). If the parties submitted to the jurisdiction of the original forum, the parties cannot subsequently challenge personal jurisdiction. *See Chicago Life Ins. Co. v. Cherry*, 244 U.S. 25, 29–30, 37 S.Ct. 492, 493, 61 L.Ed. 966 (1917) (discussing waiver of personal jurisdiction).

Even if we assume that the personal-jurisdiction issue was not fully and fairly litigated in Arizona, we conclude that the Pierces waived their right to challenge personal jurisdiction.

■■■ A party can submit to a court's jurisdiction through express or implied consent. *Ins. Corp. of Ireland*, 456 U.S. at 703, 102 S.Ct. at 2105. The submission to jurisdiction need not be voluntary. *Id.* at 704–05, 102 S.Ct. at 2105. A party can waive personal jurisdiction by failing to raise it. Minn. R. Civ. P. 12.08(a). But other actions can constitute a waiver as well. *Nat'l Homes Corp. v. Totem Mobile Home Sales, Inc.*, 140 Ariz. 434, 682 P.2d 439, 443 (1984), *review denied* (Ariz. May 22, 1984). The law of the forum determines whether an action constitutes a waiver of personal jurisdiction. *See Cherry*, 244 U.S. at 29–30, 37 S.Ct. at 493 (explaining that "what acts of the defendant shall be deemed a submission to [a court's] power is a matter upon which states may differ"). Under Arizona law, a jurisdictional defense is waived if a party raises the defense but fails to obtain a timely ruling on the defense. *Nat'l Homes Corp.*, 682 P.2d at 443.

In this case, the Pierces asserted the jurisdictional defense in their answer. But they then failed to pursue the defense. They did not obtain a ruling on the issue before the Arizona trial court and they did not appeal the Arizona court's decision. When the Pierces answered the Arizona complaint, they were obligated to pursue their argument in the Arizona court. Because they failed to do so, the Pierces submitted to Arizona jurisdiction and waived their jurisdictional defense.

■■■ Although we conclude that the Pierces' actions waived their right to challenge personal jurisdiction, we recognize that their jurisdictional arguments have considerable merit. When multiple claims are raised, personal jurisdiction must be established for each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 & n. 5 (5th Cir.2006). Specific

personal jurisdiction exists only if the litigation arises out of the defendant's contacts with the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985). The dispute over the title to the motorcycle—which was purchased in Arizona and titled in Arizona—presumably arises out of the Pierces' activities in Arizona. But the dispute over their son's attorneys' fees appears to have little connection to the Pierces' activities in Arizona. The attorney for the Blume Law Firm alleged that "[a] valid promissory note and security agreement was entered into by Jason Pierce and Raymond Pierce providing for the payment of a principal sum of $28,000.00 that sum being secured by a motorcycle." But the record contains no promissory note signed by either Raymond or Linda Pierce for any payment to the Blume Law Firm and it does contain a promissory note for attorneys' fees signed by their son, Jason Pierce. The record contains no evidence supporting the allegation that the Pierces agreed to pay their son's attorneys' fees. Thus, the Blume Law Firm's other three claims do not appear to arise out of the Pierces' activities in Arizona.

Nonetheless, we conclude that the Pierces waived their jurisdictional defense. Because of the requirements of the Full Faith and Credit Clause, they cannot relitigate the issue in Minnesota.

## II

■■■ Although the Pierces did not directly raise the argument in the district court or directly on appeal, the documents purporting to sustain the judgment and the inability of the Blume Law Firm attorney to provide any explanation for the contradictory documents compel us to address the fraud exception to the general requirements of the Full Faith and Credit

Clause. We "may review any . . . matter as the interest of justice may require." Minn. R. Civ.App. P. 103.04. Review of a new issue can be appropriate when "the issue was 'implicit in' or 'closely akin to' the arguments below." *Watson v. United Servs. Auto. Ass'n,* 566 N.W.2d 683, 688 (Minn.1997). In this case, the Pierces' jurisdictional argument and our fraud analysis are based on the same facts. The primary difference is that personal jurisdiction is subject to waiver but fraud is not.

■■■ A judgment obtained through fraud is not entitled to full faith and credit. *Trautman v. Standard Oil Co.,* 263 N.W.2d 809, 815 (Minn.1978). In addition, even if full faith and credit applies, we must only give the Arizona judgment the same respect that Arizona courts would give it. *State v. Schmidt,* 712 N.W.2d 530, 536–37 (Minn.2006). The forum state "has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered." *New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 615, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947). Under Arizona law, the judgment against the Pierces can be set aside for fraud upon the court. Ariz. R. Civ. P. 60(c).

We believe that the Pierces' argument is best interpreted as alleging that the Blume Law Firm obtained the Arizona judgment through fraud. In an affidavit submitted in Arizona, the attorney for the Blume Law Firm alleged that "[a] valid promissory note and security agreement was entered into by Jason Pierce and Raymond Pierce providing for the payment of a principal sum of $28,000.00 that sum being secured by a motorcycle." The Arizona court subsequently held that Raymond and Linda Pierce were liable for the principal sum of $28,000.

The Pierces assert that Raymond Pierce never agreed to pay his son's attorneys' fees. The record supports this assertion. The promissory note and security agreement referred to in the Blume Law Firm's affidavit are contained in the record. But these documents are only signed by the Blume Law Firm's client, Jason Pierce. The record contains no indication that Raymond Pierce ever agreed to pay his son's attorneys' fees. At oral argument before this court, the Blume Law Firm was unable to provide any explanation why Raymond Pierce should be responsible for this debt. And the record does not contain even a bare allegation that Linda Pierce has any responsibility for the debt.

Our concern about the Arizona judgment, however, is not that it may have held the Pierces responsible for a debt they did not incur. Under the Full Faith and Credit Clause, we cannot question the merits of the foreign judgment. *See Fauntleroy v. Lum*, 210 U.S. 230, 237, 28 S.Ct. 641, 643, 52 L.Ed. 1039 (1908) (stating that court must give full faith and credit to foreign judgment even if based on mistake of law).

Instead, our concern is that the Blume Law Firm may have obtained that judgment through an attorney's misrepresentation and overreaching. If, as it appears from the record before this court, the Blume Law Firm's conduct amounted to fraud, the Arizona judgment would not be entitled to full faith and credit and the docketing of the judgment should be vacated in Minnesota. Because the Pierces submitted strong evidence that the Arizona judgment was obtained through misrepresentations by the Blume Law Firm, we reverse the denial of the Pierces' motion to vacate.

Nonetheless, the fraud issue was not directly addressed below, and we therefore remand for further proceedings on the fraud issue. On remand, the Blume Law Firm should be given a chance to substantiate its claim that Raymond Pierce entered into a valid promissory note or other agreement to pay the principal sum of $28,000 and to provide a basis for why Linda Pierce could be liable. If the Blume Law Firm is unable to substantiate its claim, the district court should then determine whether the law firm's conduct amounts to fraud that would justify disregarding the judgment.

## DECISION

Because further proceedings are necessary to determine whether the Arizona judgment should be disregarded on the basis of fraud, we reverse and remand.

**Reversed and remanded.**