*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0485**

Capital One Bank USA, NA,
Respondent,

vs.

Gbenga J. Ekinnola,
Appellant

**Filed February 29, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-13-19183

Amy M. Goltz, Gurstel Chargo PA, Golden Valley, Minnesota (for respondent)

Gbenga Ekinnola, Brooklyn Center, Minnesota (pro se appellant)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Halbrooks, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges a district court order denying a motion to vacate a judgment that was entered by an Indiana court and later entered and docketed in Minnesota, arguing that the Indiana court did not have personal jurisdiction over him when it entered the judgment. We affirm.

**FACTS**

Respondent Capital One Bank (USA), N.A., obtained a default judgment for $1,471.12 against appellant Gbenga J. Ekinnola in Indiana. To enforce the judgment, respondent filed the judgment in Hennepin County District Court, and the judgment was entered and docketed in the Minnesota district court.

Appellant filed a motion to vacate the judgment entered in the Minnesota district court, claiming that he was not properly served with the summons and complaint in the Indiana action. Appellant suggested that it was a case of mistaken identity, claiming that his name is spelled "Akinnola" and that he had no knowledge of the Indiana or Minnesota actions until he learned from his employer that respondent was trying to garnish his wages. Respondent also tried to garnish a bank account.

An affidavit of service by an Indiana sheriff's deputy states that, in July 2010, the deputy served the summons and complaint on "Gbenga Ekinnola" by leaving copies of them at his "dwelling house or usual place of abode." The summons and complaint were left at 10158 Steeplechase Drive, Apartment C, Avon, Indiana. Appellant stated in an affidavit that he never resided at that address. He stated that, between 2009 and 2012, he resided in three cities in Florida and that, when the summons and complaint were served, he was residing at 2727 South Orlando Drive, Sanford, Florida. The only information appellant submitted to substantiate his claim that he was residing at the Florida address when the summons and complaint were served was a purported letter from a law-school admissions committee dated July 6, 2010, which showed the recipient's name as Gbenga Akinnola and the recipient's address as 2727 South Orlando Drive, Sanford, Florida.

Respondent submitted a document from Accurint, a public-records search firm. The Accurint document was generated by using the social security number provided to respondent when the account at issue in this case was opened. The social security number provided to respondent matches the one appellant provided to his employer. The document shows multiple aliases, including "Gbenga Ekinnola" and "Gbenga Akinnola," associated with the social security number. The document also shows the addresses associated with the social security number and the time periods of the associations. From January 2010 until October 2010, the social security number was associated with the Indiana address where the summons and complaint were served. The social security number was also associated with the Sanford, Florida address, which is denoted as a "[h]otel or motel," during the month of July 2010, but only during that month. The document lists only one other Florida address and only for the month of April 2010.

The district court denied appellant's motion to vacate, stating that "the evidence supports the conclusion that [appellant] was personally served in Indiana and the fact that [appellant's] social security number on both the Capital One Credit Card Application and the TCF bank account that [respondent] attempted to garnish are evidence that this is not a case of mistaken identity." This appeal followed.

## DECISION

Generally, under the Full Faith and Credit Clause of the United States constitution, Minnesota courts must "recognize and enforce final judgments from other states." *Blume Law Firm PC v. Pierce*, 741 N.W.2d 921, 924 (Minn. App. 2007); *see* U.S. Const. art. IV, § 1. But our supreme court has "recognize[d] the right of a defendant to contest an action

3

brought on the basis of a foreign court's judgment by demonstrating that the foreign court rendered the judgment in the absence of personal jurisdiction over the defendant. Such judgments are not entitled to full faith and credit in Minnesota." *Griffis v. Luban*, 646 N.W.2d 527, 531 (Minn. 2002). Whether personal jurisdiction exists is a question of law, which this court reviews de novo. *Id*.

Typically, cases addressing the personal-jurisdiction exception to the Full Faith and Credit Clause involve (1) in rem jurisdiction over assets located in Minnesota or (2) a foreign state asserting personal jurisdiction over a Minnesota resident or corporation. *See, e.g.*, *id.* (personal jurisdiction); *Nagel v. Western*, 865 N.W.2d 325, 330 (Minn. App. 2015) (in rem jurisdiction), *review denied* (Minn. Sept. 15, 2015). We need not decide whether the factual distinctions between such cases and this case are legally significant because, even if the personal-jurisdiction exception could be applied in this case, appellant is not entitled to vacation of the Minnesota judgment.

Appellant argues that the Indiana court did not have jurisdiction over him because he did not reside at the address where the summons and complaint were left. To acquire personal jurisdiction over a defendant, the foreign court must comply with the foreign state's laws governing jurisdiction. *Griffis*, 646 N.W.2d at 531. Service on an individual in Indiana may be made by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode." Ind. R. Tr. P. 4.1(A)(2)(3). "Once the plaintiff submits evidence of service, a defendant who challenges the sufficiency of service of process has the burden of showing that the service was improper." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 384 (Minn. 2008). Further, a defendant who challenges an affidavit of service

"must overcome it by clear and convincing evidence." *Imperial Premium Fin., Inc. v. GK Cab Co.,* 603 N.W.2d 853, 858 (Minn. App. 2000).

The record contains evidence that the summons and complaint were properly served on appellant. The Indiana affidavit of service states that the sheriff's deputy served "Gbenga Ekinnola," one of the aliases associated with appellant's social security number, by leaving copies of the summons and complaint at his "dwelling house or usual place of abode." Although appellant claims that he never resided at the address where the summons and complaint were left, the record shows that appellant's social security number was associated with that address when the summons and complaint were served and for several months before and after service occurred. The Accurint document shows that appellant's social security number was associated with the Sanford, Florida address in July 2010, but only during that month, and the address is denoted as a "[h]otel or motel." The only evidence submitted by appellant to support his assertion that he resided at the Sanford, Florida address was a purported letter from a law-school admissions committee. The record evidence is sufficient to show that appellant was properly served, and the evidence about the Sanford, Florida address is insufficient to overcome that showing. The district court, therefore, properly denied appellant's motion to vacate the Minnesota judgment.

**Affirmed.**