MARY R. FLORENCE, Petitioner, *v.* WILLIAM FLORENCE, Respondent.

Children's Court, Broome County, January 7, 1955.

*Charles P. O'Brien,* County Attorney (*Justin C. Flannigan* of counsel), for petitioner.

*Kenneth P. Whiting, Jr.,* for respondent.

THOMAS, J. This is a proceeding under the Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.) brought for the purpose of obtaining support of the wife, Mary R. Florence, against the husband, William Florence.

The petitioner alleges in the petition that she is the wife of William Florence, having married the respondent on August 21, 1954, at Kirkwood, New York, in the county of Broome, State of New York, and that he, the respondent, has failed and refused and neglected to provide fair and reasonable support of the petitioner according to his means and earning capacity since the 21st day of August, 1954; that he is a resident of

the town of Kirkwood, county of Broome and State of New York, and attached to the petition are the usual papers including testimony of the petitioner taken before the Judge of the Court of Common Pleas in and for the County of New Haven in the State of Connecticut where petitioner is now residing.

The respondent appeared specially and on the return date of the summons issued out of this court through his attorneys, Travis & Whiting, with Kenneth P. Whiting, Jr., Esq., of counsel, and objected to the jurisdiction of this court in this proceeding. The specific objection raised by counsel for respondent was that section 6 of the New York Uniform Support of Dependents Law had not been complied with in the initiating State, i.e. State of Connecticut, in that a summons had not been duly issued out of such court for service upon the respondent, and that said summons being there returned with an affidavit to the effect that the respondent could not with due diligence be located or served with such process in the State of Connecticut. Because of the failure of the State of Connecticut to have such provision in its law, and further that such provision was not complied with; that the law passed by the State of Connecticut did not meet the requirement set forth under subdivision (a) of section 3, which states, '' A husband in one state is hereby declared to be liable for the support of his wife * * * residing or found in the same state or in another state having substantially similar or reciprocal laws ''.

By reason of the lack of similarity between the New York State and Connecticut acts, counsel for respondent requests that the petition filed by the petitioner be dismissed.

The word, '' similar '' means '' of a like nature or kind '' according to the Oxford Dictionary, or '' Nearly corresponding; resembling in many respects; somewhat like; having a general likeness '' as defined in Webster's New International Dictionary.

If the procedure is essentially the same, it satisfies the statute. The petition filed alleges that the respondent is a resident of this State and county and that he has been personally served with a summons at the residence set forth in the petitioner's papers filed herein from the initiating State, made returnable before this court under provisions of the New York State act, which procedure in general is the same as the Connecticut State act. The methods of bringing the complaint before the responding State by the initiating State are substantially parallel, and both acts in substance provide for reciprocal relief between the States which have substantially similar or reciprocal law.

Motion to dismiss made by the respondent on the grounds that this court does not have jurisdiction is denied.

It is ordered that the case be placed on the calendar for hearing and determination in accordance with the provisions in the law provided.