John J. Walsh, J.
On July 3, 1956 Lieutenant Robert Bogan of the Utica Police Department went to the place of business of the defendant in the city of Utica and requested permission to search his premises for obscene material. Permission was granted and the complainant found in a desk drawer, an album of photographs.
As a result, the defendant was charged with a violation of subdivision 1 of section 1141 of the Penal Law. The information charges a possession with ‘‘ intent to sell, lend, distribute or give away, obscene, lewd, lascivious, filthy, indecent or disgusting photographs ”.
The defendant upon arraignment demanded a preliminary examination of the case and testimony was taken from the complainant and an exhibit was introduced in evidence.
Subdivision 1 of section 1141 of the Penal Law, so far as here material, reads as follows: “ 1. A person who * * * has in his possession with intent to sell * * * distribute * * * any obscene, lewd, lascivious, filthy, indecent * * * or disgusting * * * picture * * * Is guilty of a misdemeanor.”
The album of photographs is conceded by the defendant to contain 10 obscene photographs within the meaning of subdivision 1. Thus there is no question of fact as to the obscene nature of the photographs and I find them to be obscene as a matter of law and fact.
The prosecution is unable to present any evidence of a sale or an offer of sale by the defendant, nor any convincing proof of a specific intent on the part of the defendant to sell or offer for sale the album of photographs.
Mere possession of obscene literature or material has not been made a criminal offense. The law apparently seeks to punish those who produce, distribute or sell such material and not the purchaser.
In the past, convictions of persons who produce, distribute or sell obscene material apparently have been difficult to obtain for the reason that a sale is not always proved and proof of intent on the part of the possessor to sell is impossible. The difficulty of proof was brought to the attention of the New York State Joint Legislative Committee Studying the Publication and Dissemination of Objectionable and Obscene Materials.
*671 This committee held public hearings and was permitted to sit in on the hearings held by the Kefauver subcommittee of Congress. These hearings disclosed a nationwide dissemination of obscene materials to such an alarming extent that legislative action appeared necessary.
At the request of the State legislative committee, a series of bills were introduced into the 1955 Legislature to strengthen the hands of law enforcement officers. We are concerned here with one of these bills which was enacted into law.
Chapter 837 of the Laws of 1955 (eff. April 29, 1955) added a new subdivision to section 1141 of the Penal Law as follows: “ 3. The possession by any person of six or more identical articles coming within the provisions of subdivision one of this section is presumptive evidence of a violation of this section.”
Thus • was created a statutory presumption. Research has failed to disclose any reported decisions passing on the validity of this presumption.
In its 1956 Report to the Legislature, by the State joint legislative committee (N. Y. Legis. Doc., 1956, No. 32) there appears the following: ‘‘ During the last session of the Legislature, this Committee recommended, the Legislature passed and the Governor signed into law a provision making the possession of six or more identical articles of an obscene nature presumptive evidence of the intent to sell the same. Since the passage of this act, it has been used most successfully in numerous places throughout the State, notably in connection with the arrest of Abraham Rubin, above mentioned. However, the Committee has received a very large number of requests from enforcement officers to broaden the scope of this statute. In testimony before the Committee and in correspondence with enforcement officials, the Committee’s attention has frequently been invited to the fact that many arrests are made where the pornographic material seized is not identical. In instance after instance we have been presented with a series of pictures of a pornographic nature, two of which are identical, though all of which are similar. It is for this reason that the Committee has recommended the change in the statute to add the words ‘or similar ’ to the words ‘identical’.” (Emphasis supplied.)
As a result of this report and recommendation, the words, “or similar” were added to the word “identical” in subdivision 3 of section 1141 of the Penal Law (L. 1956, ch. 423, eff. July 1, 1956).
The defendant moves for his discharge on the grounds, (a) That there is merely one article, namely, an album or book *672 of pictures; (b) That the photographs are not identical or similar even if they be considered as separate articles; and (c) That subdivision 3 is unconstitutional in that it is an invalid presumption and is in conflict with the presumption of innocence which is a fundamental tenet of our law.
As to the first contention, it is unrealistic to hold that the exhibit is a single article. It consists of a series of photographs which are attached together by means of a metal clasp. By merely bending the top ends of the clasp, the photographs may be removed and reinserted in the same or different order and the clasp ends rebent. The contention is without merit.
As to the second contention, it is conceded by the prosecution that no two of the pictures are “ identical ” in the sense that they are copies of the same representation. The word “ identical ” means “ exactly the same ” (Carn v. Moore, 74 Fla. 77). The word, “ similar ” is not a synonym for “ identical ” and certainly the legislative intent was to broaden the scope of the original presumption.
The word “ similar ” means “of a like nature or kind” (Oxford Dictionary), or “ Nearly corresponding; resembling in many respects; somewhat like; having a general likeness ’’ (Webster’s New International Dictionary). (Florence v. Florence, 207 Misc. 177.)
The photographs in Exhibit A are not “ identical ” but they are “ similar ” in that they are lewd and obscene. The Legislature certainly intended to make lewdness and obscenity the criterion of “ similarity” rather than the composition of the material itself. I find, therefore, that the exhibit presented consists of 10 “ similar ’’ articles coming within the provisions of subdivision 1 of section 1141 of the Penal Law.
As to the third contention, a statutory presumption is valid provided it is reasonable in nature and does not offend common sense. Under the general police powers of a State, the Legislature could have made mere ‘‘ possession ’’ of obscene articles a crime. This they did not do. The legislative intent was to create a presumption that the possession of six or more ‘‘ identical ” or “ similar ’’ articles by a person is for the purpose of sale, loan, gift, distribution, exhibition or transmission of at least some of these articles to others. (See N. Y. Legis. Doc., 1956, No. 32.) This is merely a presumption of law and like all legal presumptions is rebuttable by the defendant at the conclusion of the People’s case.
Counsel for the defendant seriously raises the objection that the Legislature went further than merely to create a legal presumption; that it specifically made possession, “presump *673 tive evidence of a violation ’’ and in so doing destroyed defendant’s presumption of innocence. There might be merit to the contention that the Legislature did not accurately draft its intention in words but since the legislative intent is clear, I hold that there is no constitutional question presented since the words, “ presumptive evidence of a violation ” are intended to mean, “presumptive evidence of intent ”.
Defendant is not presumed guilty of a violation of the statute. The presumption of innocence surrounds the defendant at all times until the contrary is proved to the satisfaction of a court or jury. Defendant may overcome the presumption by evidence or testimony of a contrary ‘‘ intent ’’.
Upon the examination of the case, I hold that the defendant must be held to answer the same. The matter is adjourned to July 30, 1956 at 10:00 a.m. at which time, pursuant to section 211 of the Code of Criminal Procedure, the defendant will be required to state how he will be tried, whether in the Court of Special Sessions, or by a court having authority to inquire by the intervention of a grand jury in offenses triable in the county. Bail is continued until such time.