George O. Becker, J.
This is a proceeding under the Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.) instituted by the petition of respondent’s wife in the Third District Court of Bristol County, Massachusetts, alleging that she is the wife of the respondent and entitled to support under the provisions of the Uniform Reciprocal Enforcement of Support Law of that Commonwealth. The petition also refers to the Bristol County Probate decree entered prior to the filing of the petition which directs the respondent to pay $25 per week for her support.
Upon receipt of the papers in this court, a summons was issued to the respondent, who appeared by counsel and filed an answer controverting the petition. This answer was transmitted to the initiating court, who advised that the petitioner was desirous of attending personally any hearings held in this court. Accordingly, a hearing was scheduled in this court, at which time the respondent appeared with his counsel, and the petitioner appeared in person and was represented by the County Attorney. At the outset of this hearing, the attorney for the respondent made a motion to dismiss on the ground that the Children’s Court was without jurisdiction inasmuch as there were no children of the marriage, and the petition was seeking support for a wife only. Decision was reserved on this motion. A further motion was made by the attorney for the respondent to dismiss on the ground that there was no allegation in the petition that the petitioner is “in need of ” support, as provided in subdivision (a) of section 6 of the Uniform Support of *364 Dependents Law (L. 1949, eh. 807, as amd.). Decision was reserved on this motion pending disposition of the first motion.
Inasmuch as the first motion made by the respondent’s attorney attacks the jurisdiction of the Children’s Court to entertain the proceeding, this court feels that a decision relative to that issue is a prerequisite to further consideration of this matter. The objection raised by the respondent’s counsel poses the question of whether this court has jurisdiction to entertain a petition for a dependent wife where there are no children involved, inasmuch as the language of article III-A of the Children’s Court Act of the State of New York definitely prescribes jurisdiction to compel support of a wife if pregnant, or if the support of her minor child or stepchild is involved. (Children’s Court Act, § 30, subd. 1.)
The proceeding herein was not instituted pursuant to the Children’s Court Act, but under the Uniform Support of Dependents Law (§ 11 et seq.). This statute is a self-contained, separate statute, the constitutionality of which, as it relates to reciprocal enforcement of support for a minor child, has been upheld by the Court of Appeals of the State of New York in Landes v. Landes (1 N Y 2d 358).
The Constitution of the State of New York has delegated to the Legislature of this State in section 18 of article VI power to confer jurisdiction on courts “ to compel the support of a wife ” in the following language: 1 ‘ The legislature may establish children’s courts, and courts of domestic relations, as separate courts, or as parts of existing courts or courts hereafter to be created, and may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency, and to compel the support of a wife, child, or poor relative by persons legally chargeable therewith who abandon or neglect to support any of them.” (Italics ours.) The reasonable interpretation to be placed on the use of the comma after the word “ wife ” in the above-quoted section would be an indication of legislative intent to make the matter of support for a wife mutually exclusive of support of a wife and child.
Manifestly, from this language, the Legislature has power to compel support of a wife irrespective of whether there are any children of the marriage. Since the Children’s Court Act makes no provision for the support of a wife who is not pregnant or has no children, the question then presented is whether the Legislature can enlarge upon the jurisdiction of a statutory *365 court by legislation extraneous to the act creating a statutory court. In view of the constitutional mandate, section 18 of article VI and in the exercise of its plenary powers, the Legislature can do this. (Matter of Thirty-Fourth St. R. R. Co., 102 N. Y. 343.) “ A State Legislature possesses all powers of lawmaking inherent in sovereignty except as curtailed by State or Federal Constitution expressly or by necessary implication ”. (Trade Accessories v. Bellet, 184 Misc. 962, 965.)
That the Legislature intended to confer jurisdiction for support of a wife alone on the Children’s Court through the Uniform Support of Dependents Law is clear from the unequivocal language in subdivision (b) of section 2 of this law. This section reads as follows: “ ‘ Court ’ shall mean and include the domestic relations court of the city of New York, the children’s court in any county outside the city of New York, whether established as a separate court or as a part or division of the county court, and a municipal court; when the context requires, it shall mean and include a court of another state defined in and upon which appropriate jurisdiction has been conferred by a substantially similar reciprocal law.” The Children’s Court, therefore, has jurisdiction to entertain a proceeding for the support of a wife alone under the Uniform Support of Dependents Law. (Florence v. Florence, 207 Misc. 177.)
The motion to dismiss the proceedings on this ground is denied.
The purpose of the Uniform Support of Dependents Law is to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support. (Uniform Support of Dependents Law, § 1.) To grant the second motion to dismiss on the ground that there was no allegation in the petition that the petitioner is ‘ ‘ in need of ’ ’ support would deprive her of the opportunity to establish her right to support. This would be a technical disposition and would not serve the legislative intent in enacting the reciprocal support laws. Testimony would undoubtedly develop facts sufficient for the court to decide the issue, and the said motion is, therefore, denied at this time.
Accordingly, therefore, this court is holding that the Children’s Court has jurisdiction and is referring the matter, with this opinion, to the initiating State so that the initiating court shall take such proof, including the testimony of the petitioner and the petitioner’s witnesses, and such other evidence as the court may deem proper ”, and transmit same to this court as required by statute. Upon receipt of the petitioner’s testimony from the initiating court, this court will resume its hearing in the proceeding:.
*366 Reference made by counsel for respondent in Ms memorandum to “ documentary evidence ” (although mentioned in oral argument) cannot at this time be considered evidentiary. No testimony was taken at the hearing of January 8, 1957. Respondent will have opportunity to submit his proof on further hearing.