## A. J. Aberman, Inc. *v.* White & Cunningham, Appellant.

Argued October 9, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

re-argument refused November 28, 1962.

*Paul Ginsburg,* for appellant.

*J. Leonard Smith, Jr.,* with him *David R. Levin,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 13, 1962:

We should terminate this appeal by granting appellee's motion to quash the appeal since appellant failed to comply with Rule 49 by neglecting to print, in connection with this appeal, matters required by Rule 49 including pertinent pleadings and testimony taken in the form of depositions, as well as the opinion of the court below (which appellant has indicated to us he would not print under any circumstances).

However, we will finalize these proceedings by a determination on the merits. The order appealed from denied the appellant's motion for judgment on the pleadings and sustained appellee's motion to discharge the rule to open judgment. We think that the lower court's action on the merits is correct and we affirm.

The main issue raised by the petition to open judgment and the motion for judgment on the pleadings surrounds the factual determination as to whether the Mellon National Bank was required to give a credit of $700,000 on a mortgage note, which mortgage note and accompanying mortgage were assigned to A. J. Aberman, Inc., appellee, and which mortgage note was in default in the payment of interest and principal. It was on this note that judgment was confessed against the appellant in the sum approximating $764,000.

After full depositions and a thorough analysis of the facts pertaining to the alleged credit, the lower court determined that the appellant failed to prove that he was entitled to have $700,000 credited against

the principal debt confessed against him; thus reducing the debt to less than $65,000.

We have reviewed the record in this matter and are of the opinion that the conclusion of the court below is confirmed and substantiated by the depositions. On appeal in these proceedings we do not disturb the lower court's action unless a clear abuse of discretion appears. *Roche v. Rankin,* 406 Pa. 92, 176 A. 2d 668 (1962). Here, there is not even a semblance of such abuse.

Under the circumstances, the order of the court below denying appellant's motion for judgment on the pleadings and sustaining appellee's motion to discharge the rule to open judgment, as well as the other matters covered in the order, is affirmed.

Order affirmed.