Thomas M. Stark, J.
Defendant moves for an order permitting him to withdraw his plea of not guilty for the purpose of interposing a demurrer to the indictment.
The indictment herein is of the simplified type authorized by chapter III-A of title 5 of part 4 of the Code of Criminal Procedure, and accuses the defendant of a crime described therein as “Possession of Obscene Prints and Articles”. It contains only one count reading as follows: ‘ ‘ Defendant on or about the 31st day of October, 1962, at Brentwood, Town of Islip, Suffolk County, New York, committed the crime of Possession of Obscene Prints and Articles, contrary to Penal Law, Section 1141, Subdivision 1 ”.
Section 295-b of the code requires that a simplified indictment contain ‘ ‘ A statement of the specific crime with which the defendant is charged”. If the particular crime charged has no specific or general name then section 295-c of the code requires that the statement of the crime contain “ a brief description of it, as is given by statute ”. The statement of the crime may also contain a reference to the statute defining the crime.
The statutory reference in this indictment is subdivision 1 of section 1141 of the Penal Law. A reading of this subdivision indicates at least nine different descriptions of acts or actions *40 which would be violative of the subdivision in and of themselves. Some of these descriptions of violative acts specify affirmative action such as selling, lending, giving away, distributing, showing, offering, manufacturing, preparing, writing, printing or publishing. In other cases .mere possession of certain articles, such as motion picture devices with obscene films, is made a violation without anything further. In two instances possession is coupled with intent to do certain affirmative acts.
In light of the omnibus provisions of this particular penal statute, it can hardly be said that the statement of the crime contained in this indictment merely reading “Possession of Obscene Prints and Articles ” is “a brief description of [the crime] as is given by statute ”. It is manifestly brief but totally nondescriptive as far as this particular statute is concerned.
In People v. Berkowitz (14 Misc 2d 384, affd. 7 A D 2d 1031) the statement of the crime contained in the simplified indictment was “ crime of Obscene Prints and Articles, Contrary to Penal Law Section 1141”. Merely adding the words “ Possession of ” does not comply with the explicit language of section 295-c requiring a statutory description.
Nor does the presumption set forth in subdivision 4 of section 1141 cure the defect in the indictment. This presumption at the most is a presumption of intent to sell, distribute, etc., arising from possession of six or more identical or similar articles. (People v. Roberts, 2 Misc 2d 668; People v. Wesche [Suffolk County Court, Loscalzo, J., Dec. 28, 1962].)
The prior plea of not guilty is withdrawn and the demurrer is permitted to be interposed. Upon the interposition of the demurrer, the indictment is dismissed.