Theodore W. CUNNINGHAM, Individually and as a Partner of White & Cunningham, a Partnership, Composed of W. J. White, Jr., and Theodore W. Cunningham, Plaintiff,

v.

A. J. ABERMAN, INC., a Corporation, Defendant.

Civ. No. 64–1162.

United States District Court
W. D. Pennsylvania.

March 25, 1965.

Paul Ginsburg, Pittsburgh, Pa., for plaintiff.

David R. Levin, Pittsburgh, Pa., for defendant.

SORG, District Judge.

The defendant has moved to dismiss the complaint filed in this action asserting, among other reasons, this court's lack of jurisdiction over the subject matter.

The complaint seeks the declaratory judgment of this court (1) that a judgment entered in the Court of Common Pleas of Allegheny County, Pennsylvania, and mortgage foreclosure proceedings pursuant thereto are a nullity; (2) that the mortgage involved was not in default; and (3) that a hearing be set for the purpose of developing plaintiff's equity in the aforesaid mortgage, or in the alternative that a portion of the property covered by the mortgage be conveyed to the plaintiff. It asserts that although judgments adverse to the plaintiff herein were entered by the Court of Common Pleas of Allegheny County and affirmed by the Supreme Court of Pennsylvania purportedly adjudicating the issues here presented, the plaintiff herein was not afforded due process of law in the Pennsylvania courts in that a request for a hearing for the purpose of ascertaining the true amount due on the mortgage was refused. It also alleges errors of law in the state court proceedings. The complaint does not allege, nor does the record disclose that the complainant sought review of the state court proceedings by the Supreme Court of the United States.

The record of the proceedings before the Pennsylvania courts discloses the following:

On November 7 and November 11, 1960, respectively, a complaint and confession of judgment and a writ of execution were filed in the Court of Common Pleas by Aberman (defendant herein) against White & Cunningham (plaintiff herein). On December 2, 1960, upon the petition of White & Cunningham, a Rule to Show Cause why the judgment should not be opened was granted and the writ of execution stayed for the purpose of allowing both parties to take depositions in support of their positions. It was the position of the partnership that the judgment should be opened to permit it to

604

defend on the grounds that the mortgage was not in default and that Aberman had attempted to defraud the partnership by improperly refusing to credit it with some $700,000.00 on the mortgage. After numerous motions and arguments before the Court of Common Pleas the partnership moved for a judgment on the Pleadings, and Aberman moved to discharge the Rule to open the judgment. The motions were argued before a court en banc and depositions in support thereof were submitted by the parties. On June 5, 1962, by order of the court the motion of White & Cunningham for judgment on the pleadings was denied and the motion of Aberman to discharge the Rule to open judgment was granted. In the opinion which accompanied the order, the court detailed the facts as it found them to be from the depositions submitted by the parties, and concluded that the mortgage note was clearly in default and that the partnership had failed to prove that it was entitled to a credit on the mortgage.

On November 13, 1962, this decision was affirmed by the Supreme Court of Pennsylvania in the first of three separate appeals. The court indicated that while the appeal could have been quashed for a procedural defect, it preferred to "finalize these proceedings by a determination on the merits," and concluded as follows:

"We have reviewed the record in this matter and are of the opinion that the conclusion of the court below is confirmed and substantiated by the depositions. On appeal in these proceedings we do not disturb the lower court's action unless a clear abuse of discretion appears. (citation) Here, there is not even a semblance of such abuse." A. J. Aberman v. White & Cunningham, 409 Pa. 148, 150, 185 A. 2d 602, 603 (1962).

In spite of the clear language of this decision, counsel for the partnership petitioned the Court of Common Pleas on December 3, 1962, for a hearing on the merits of its claim, contending that the order and opinion of the Court of Common Pleas, dated June 5, 1962, did not constitute an adjudication on the merits. The petition was denied by order dated January 21, 1963.

A second appeal followed and the Supreme Court on April 16, 1963 specifically held—and italicized its holding for emphasis—that the hearing before the court en banc and the opinion and order of June 5, 1962 had been an adjudication on the merits. The order of the court below denying any further hearing was affirmed.

Nevertheless, counsel for the partnership thereafter, on September 21, 1963, petitioned the Court of Common Pleas to set a hearing for the purpose of determining the true amount due under the mortgage, taking into consideration a certain lien of the partnership. The petition was denied by order dated October 4, 1963, on the grounds that under Pennsylvania Rule of Civil Procedure 1141, 12 P.S. Appendix, the action of Mortgage Foreclosure filed on November 7, 1960, terminated any estate, leasehold or interest that the partnership may have had in the land, and that the partnership was not entitled to an accounting of the rents received from the mortgaged premises after that date; the court held moreover that the partnership had received a full accounting of the rents received and applied upon the mortgage before the date of foreclosure, and that "all matters pertaining thereto and to any equity of the defendants (White & Cunningham) in the said buildings were disposed of in the Opinion filed by this court on June 5, 1962, as affirmed by the Supreme Court of Pennsylvania on Nov. 13, 1962." This order was affirmed on appeal by the Supreme Court of Pennsylvania which held per curiam as follows:

"The issues raised in this appeal have been decided by this Court adversely to appellant in two prior decisions * * *. A plethora of motions and petitions by this appellant have also been denied by the lower Court. We find no reason to justify changing our prior decisions or permitting the appellant to relitigate these

issues." 415 Pa. 578, 579, 202 A.2d 827 (1964).

Counsel for the partnership thereupon filed this present action.

28 U.S.C.A. § 2283 reads as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

While the section makes no mention of declaratory judgments it has been held that where a declaratory judgment would amount to as much of a federal restraint on state proceedings as an injunction it falls within the prohibition of § 2283. Nongard v. Burlington County Bridge Comm'n, 229 F.2d 622, 625 (3 Cir. 1956); H. J. Heinz Co. v. Owens, 189 F.2d 505, 508 (9 Cir. 1951) opinion by Hastie, J. of the 3d Circuit, certiorari denied 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677, rehearing denied 342 U.S. 934, 72 S.Ct. 374, 96 L.Ed. 696. This court, therefore, adopts the following language set forth in the analogous case of Warriner v. Fink, 307 F.2d 933 (5 Cir. 1962), wherein a final mortgage foreclosure decree of the Circuit Court of Monroe County, Florida was attacked:

"We are convinced, however, that when the plaintiff failed to seek review by the Supreme Court of the United States of the judgment of the Supreme Court of Florida of January 23, 1952 dismissing her appeal, she lost the only avenue of relief available to her in the federal courts. In the light of the anti-injunction statute, 28 U.S.C.A. § 2283, and of a number of decisions of the Supreme Court and of this and other Circuits, in which the principels are fully discussed, we hold that the federal district court had no jurisdiction to enjoin the enforcement of, *or to set aside, or hold null and void the decree of foreclosure* entered by the Circuit Court of Monroe County Florida." (Emphasis supplied) 307 F.2d at 936. Certiorari denied, 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed. 2d 969.

Aside from the question of jurisdiction this action would be subject to dismissal on the grounds that the issues were litigated and, as stated by the Supreme Court of Pennsylvania, decided on the merits. On the basis of the facts hereinabove set forth, it appears that the requirements of "due process" have been met, the matters are res judicata, and the judgment of the state court entitled to full faith and credit.

Plaintiff's motion for default judgment will be denied and defendant's motion to dismiss granted.