Bernard Tomson, J.
On this motion to suppress, the defendant relies solely on the ground that the search warrant was invalid, contending that the affidavit upon which the warrant was issued did not demonstrate probable cause as required by section 793 of the Code of Criminal Procedure.
The existence of probable cause is determined by ‘ ‘ what transpires at the issuance of the warrant and not what occurs thereafter.” (People v. Rainey, 14 N Y 2d 35, 39.)
In People v. Marshall (13 N Y 2d 28, 34-35) the court adds: ‘ ‘ Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched [citing eases]. It is not a matter for technical rules or tight and exact definition. The question always is: what in the common judgment of reasonable men would be regarded as good, sound cause, remembering that we seek only probable, not absolute cause? Only the ‘ unreasonable ’ searches and the warrants signed without ‘ probable cause ’ are forbidden by the Fourth Amendment. 6 We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched; and if the apparent facts set out in the affidavit are that a reasonably discreet and prudent man would be led to believe that there was a commission of offense charged, there is probable cause *486 justifying the issuance of a warrant ’ [citing cases]. Whether probable cause is present in a particular case must be determined from the facts of that case [citing cases.] ” (See, also, People v. Fino, 14 N Y 2d 160.)
These then are the tests here to be applied.
The warrant authorizes the search of certain premises occupied by the defendant and of his person for ‘ ‘ obscene, indecent and ‘ hard core ’ pornographic motion picture films. ’ ’ The affidavit in support of the warrant recites that the affiant, a Nassau County police officer assigned to the District Attorney’s squad, received information from a named United States Postal Inspector that some 51 packages of pornographic films were mailed from a Vermont post office to a number of addresses. One of these packages was mailed to the defendant. The affiant further stated that following another search he examined one reel of film sent to another addressee and found it to be “ hard core ” pornography.
As to the defendant, he then states: “In addition I have been further informed that the package addressed to B. Russek, 61 Daisey Avenue, Floral Park, New York, is presently in the Floral Park Post Office and is to be delivered on February 4th, 1965.” From this alone, the affidavit concludes that “ there is probable cause to believe that obscene, indecent and ‘ hard core ’ pornographic motion picture films have been used or are possessed with intent to be used as the means of committing a crime, to wit: Violation of Section 1141-1 of the Penal Law of the State of New York and are being concealed within the premises located at 61 Daisey Avenue, Incorporated Village of Floral Park, County of Nassau, New York, occupied by Robert A. Russek.”
Preliminarily it should be noted that possession of obscene or pornographic material, by itself, is not a crime .(People v. Maguire, 5 N Y 2d 523; People v. Roberts, 2 Misc 2d 668). It is “possession with intent to sell, lend, distribute, give away, show, etc.” that constitutes the violation of section 1141 of the Penal Law. Further, scienter is a necessary element. (Smith v. California, 361 U. S. 147; People v. Fritch, 13 N Y 2d 119; People v. Christ, 7 N Y 2d 796; Bunis v. Conway, 20 A D 2d 961; People v. Grasberg, 13 A D 2d 635.)
Measured against these requirements for conviction, the affidavit relied on to support the warrant is obviously inadequate. In essence, the affidavit states that a package inferentially containing one reel of pornographic film was to be delivered to the defendant on the date the warrant was issued. Nothing else appears in the affidavit to justify the conclusion that sub *487 division 1 of section 1141 of the Penal Law was violated. Even if the facts alleged added up to “ possession,” this would not justify “ a cautious man in the belief that the law is being violated on the premises to be searched.” (People v. Fino, supra, p. 162.) Possession of one reel of pornographic film does not, of itself, permit the inference of “ intent to sell, lend, distribute, give away, show, etc.” An inference that it does would appear to be negated by the provisions of subdivision 4 of the section which provides: “ The possession by any person of six or more identical or similar articles coming within the provisions of subdivision one of this section is presumptive evidence of a violation of this section ”, i.e., presumptive evidence of an intent to sell, etc. (People v. Roberts, 2 Misc 2d 668; People v. Bucalo, 39 Misc 2d 39.)
“ Motion picture film ” is one of the “ articles coming within the provisions of subdivision one ”. Although one reel of film contains many frames of similar photographs, subdivision 1 would appear to treat a reel of motion picture film as one article and not the “ six or more identical or similar articles ” permitting an inference of presumptive evidence of intent to violate the section. (Note that section 1141 of the Penal Law refers to “picture,” “photograph,” “motion picture film,” “figure,” and “image” as separate articles.) In addition, it would be unreasonable to infer scienter from the mere fact that one pornographic article is about to be received by mail at the home of the defendant.
Reference to the 1956 Report to the Legislature by the State Joint Legislative Committee Studying the Publication and Dissemination of Objectionable and Obscene Materials (N. Y. Legis. Doc., 1956, No. 32) reveals that section 1141 was aimed not at the individual, no matter how perverted, who possesses pornography for the sake of possession alone, but at those who prey on such individuals. The affidavit in support of the warrant would permit a reasonably discreet and prudent man in believing that the defendant was about to receive and possess one reel of pornographic film. This, however, is a far cry from that samé reasonable man reaching the conclusion that that possession was intended to be used in violation of the statute. So to conclude would make a shambles of the constitutional safeguards that now protect the individual against a search based on suspicion alone.
The motion is granted.