The **EAST VILLAGE OTHER, INC.,**
Plaintiff,

v.

Aaron E. **KOOTA**, District Attorney of Kings County and Howard R. **Leary**, Police Commissioner of the City of New York, Defendants.

No. 68 C 125.

United States District Court
E. D. New York.

Feb. 13, 1968.

**1160**

Joshua N. Koplovitz, New York City (Neil Fabricant, New York City, of counsel) for plaintiff.

Joel Lewittes, New York City (Louis J. Lefkowitz, Atty. Gen., of counsel) for defendant Koota.

John Loflin, Jr., New York City (J. Lee Rankin, Corp. Counsel of the City of New York, of counsel) for defendant Leary.

MEMORANDUM (incorporating FINDINGS OF FACT) and ORDER

DOOLING, District Judge.

It appears without contradiction that plaintiff prepared and published on or before February 2, 1968, Volume III, No. 9, of a weekly tabloid entitled "The East Village Other." Copies of the issue in question are annexed to the complaint and amended complaint.

On Friday February 2, 1968, Michael Acerno drove a truck carrying about 1,300 or 1,400 copies of the issue to a newsstand in the Borough Hall, Brooklyn, area. At the newsstand two detectives, one of whom had obtained at a newsstand and read a copy of the issue in question, arrested Acerno and James Burns, the operator of the newsstand. Both were charged with violating Penal Law, McKinney's Consol.Laws, c. 40, § 235.05, which makes the promotion of obscene material a misdemeanor. The detectives took all of the copies of the publication that were on the truck into their possession, and they have retained them. The detectives, who were regularly assigned to the office of the District Attorney of the County of Kings, had not obtained a warrant to search for and seize the publication, and they had not obtained any warrant to arrest either Acerno or Burns. No judicial officer or magistrate saw a copy of the publication or a description of its contents before the detectives made the arrest and seizure.

It is not claimed that there were any arrests or seizures in connection with any of the earlier issues of "The East Village Other," and there have been no arrests in connection with Volume III, No. 9 of the paper except those of Acerno and Burns. It has been stated on the part of the defendants that the copies taken by the detectives will be returned on request, except for a small number to be retained in connection with the continued prosecution of Acerno and Burns. It is stated without contradiction that the procedure followed in the present case by the detectives was unusual, and that, ordinarily, when the authorities have evidence indicating to them that there has been a violation of Penal Law § 235.00 et seq., they proceed under Code of Criminal Procedure § 22–a, or obtain search or arrest warrants, thus, ordinarily, assuring independent judicial scrutiny of the allegedly offending publication before there is any interference with the circulation of the publication or with the persons promoting the circulation. It is stated without contradiction that the police do not ordinarily arrest on their own initiative where the promotion of apparently obscene material occurs in their presence, even though Code of Criminal Procedure § 177 subdivision 1 authorizes a peace officer without warrant to arrest a person for a crime committed or attempted in the officer's presence.

Claiming that the arrests of distributors and newsdealers indirectly abridge plaintiff's freedom to publish and its subscribers' rights to read, plaintiff asks for a declaration that Penal Law §§ 235.05 and 235.10 are unconstitutional

under the First and Fourteenth Amendments, and that Penal Law § 235.05 and Code of Criminal Procedure § 177 as applied to plaintiff are unconstitutional, and plaintiff asks for preliminary and final injunctions against the enforcement of Penal Law § 235.05 against plaintiff in such manner as to deprive plaintiff of its alleged right to notice and a judicial determination of obscenity before any arrest or seizure occurs. Plaintiff moves for a preliminary injunction against—in effect—police interference with the circulation of the publication and for the convening of a three-judge court. A temporary order was signed, after notice to the defendants, restraining the defendants from— in effect—making any wholesale seizures of the publication.

The question presented is whether there is any occasion for the intervention of a federal court in the present case, particularly in view of Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444; Cf. Damico v. California, 1967, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647. It is concluded that there is no occasion for a federal court to entertain at this stage of the single state criminal case an action for a declaratory judgment and an injunction. Cf. Cunningham v. A. J. Aberman, Inc., W.D. Pa.1965, 252 F.Supp. 602, 605, aff'd, 3rd Cir. 1966, 358 F.2d 747.

■ The *Zwickler* case, dealing with the doctrine of abstention, is inapplicable. There the state statute was attacked as invalid on its face for "overbreadth" in its indiscriminate interference with the right to print and publish; abstention until in future state prosecutions the federal issues could be isolated or dissolved by interpretation would, the Court thought, "effect the impermissible chilling of the very constitutional right" that Zwickler sought to protect; the Court concluded that the District Court was not free to abstain but had to decide the appropriateness and merits of the request for a declaratory judgment irrespective of its conclusion as to the propriety of the issuance of an injunc-

tion. In the present case there is a criminal case already pending in the state court which of necessity raises directly every issue that can be tendered for decision in this Court, there is no present threat of broad-scale prosecutions of the periodical or repressive seizures of the present or future issues of it, and the challenge to the statute raises no substantial federal question except in the unique instance of its invocation against the one delivery of one issue of plaintiff's periodical that is the subject matter of the state criminal case. Here, the general principle controls that the state criminal proceedings should go forward without federal interference at the instance of an indirectly interested party even though in the course of the proceeding the defendant in the criminal case may have to present a First Amendment defense to win acquittal. 28 U.S.C. § 2283; Dombrowski v. Pfister, 1965, 380 U.S. 479, 483–484, 85 S.Ct. 1116, 14 L.Ed.2d 22. Plaintiff's difficulty is that it has not presented a case of federal cognizance, and the issue of abstention does not arise.

Plaintiff puts its case for the existence of a substantial ground for federal intervention at plaintiff's instance on the twin grounds *first*, that Penal Law § 235.10 creates an irrational presumption that is not constitutionally tolerable under Smith v. California, 1960, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, and Speiser v. Randall, 1958, 357 U.S. 513, 521, 78 S.Ct. 1332, 2 L.Ed.2d 1460, because of its inherent tendency to abridge the freedom of speech through coercing self-censorship by the booksellers and distributors and, *second*, that the power of the police (here exercised) to arrest booksellers and to seize books on an incident search under subdivision 1 of Code of Criminal Procedure § 177 runs afoul of the cases invalidating procedures authorizing seizures without any notice or judicial review in advance of the statutorily authorized seizure. Marcus v. Property Search Warrant, 1961, 367 U. S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127; A Quantity of Copies of Books v. Kansas, ,

1964, 378 U.S. 205, 84 S.Ct. 1723, 12 L. Ed.2d 809; *Cf.* Kingsley Books, Inc. v. Brown, 1957, 354 U.S. 436, 442, 77 S.Ct. 1325, 1 L.Ed.2d 1469.

The "presumption" of Penal Law § 235.10 is that a person who possesses six or more identical or similar obscene articles is presumed to possess the articles "with intent to promote the same." Further, a person who promotes, or possesses with intent to promote, obscene material "in the course of his business is presumed to do so with knowledge of its content and character." The substantive offense (§ 235.05) is promoting obscene material, or possessing it with intent to promote it, "knowing its content and character." Thus the state can put together a case by showing possession of six or more copies, that the possession was in the course of the possessor's business and that the material is obscene.

The presumption is somewhat narrower than that which was in subdivision 4 of the predecessor obscenity statute, former Penal Law § 1141; that subdivision made possession of six or more identical or similar articles coming within § 1141 "presumptive evidence of a violation of this section." The New York Courts were clear that the old statutory presumption did not relieve the state of its duty to prove guilty knowledge of the content of the allegedly obscene material by the usual standard, and that it did not dissolve the presumption of innocence. See People v. Roberts, 1956, 2 Misc.2d 668, 154 N.Y.S.2d 201; People v. Bunis, 1960, 23 Misc.2d 156, 198 N.Y. S.2d 568; People v. Bucalo, 1963, 39 Misc.2d 39, 239 N.Y.S.2d 1005; People v. Russek, 1966, 49 Misc.2d 484, 267 N. Y.S.2d 848. *Cf.* Mishkin v. New York, 1966, 383 U.S. 502, 510–512, 86 S.Ct. 958, 16 L.Ed.2d 56.

There is nothing in the text of Penal Law § 235.10 to encourage an assumption that the New York courts have used, or will use, or could readily use the new presumption to abridge the constitutionally protected freedom of speech. *Cf.* Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; Rugendorf v. United States, 1964, 376 U.S. 528, 536–537, 84 S.Ct. 825, 11 L. Ed.2d 887; United States v. Peeples, 2d Cir. 1967, 377 F.2d 205, 209. Note Albi v. Street & Smith Publications, Inc., 9th Cir. 1944, 140 F.2d 310, 313; Fry v. Bennett, 1863, 28 N.Y. 324, 330. Every circumstance that can be advanced to portray harshness in the operation of the presumption is a circumstance which, if shown in evidence at the trial, would tend to dissolve the presumption.

The argument based on the power of New York police officers to proceed without warrant mistakes the basis of the cases relied upon to support the argument. Marcus v. Property Search Warrant dealt with a state procedure so lacking in safeguards that it inhibited the circulation of publications indiscriminately (367 U.S. at 734, 81 S.Ct. 1708) and effected mass seizure without any safeguards to protect legitimate expression (367 U.S. at 738, 81 S.Ct. 1708). A Quantity of Books v. Kansas is similar; it involved a seizure of all copies of named titles, and the Court considered the mass seizure more repressive than an injunction against further sale of the books. Potwora v. Dillon, 2d Cir. 1967, 386 F.2d 74 dealt with a seizure of 7,000 copies of ten titles by fifteen officers under a search warrant, and the district attorney made no claim that the seizure was lawful (386 F.2d at 76) although the police had refused to return all the books not needed for the criminal trial involved; the Court ordered the return of the books because the state remedy was inadequate (Code of Criminal Procedure § 813–c) to grant relief against the continuing repression of publication. And Evergreen Review, Inc. v. Cahn, E.D.N.Y.1964, 230 F.Supp. 498, similarly, involved the seizure of 21,000 copies of a magazine, nearly the entire issue, before the copies had even been bound; treating the case as one of an obvious prior restraint, the Court did not enjoin criminal prosecution but *did* order the defendant to return all the copies that had been seized.

In the present case the mass seizure is not defended, and there is no refusal to return the copies in excess of those required in connection with the prosecution of the criminal case. Considered simply as a case of police arrest without warrant and a coincident search for and seizure of the instrumentality of the offense, the case does not become one of federal cognizance simply because the warrantless seizure may necessitate a motion to suppress that invokes the First Amendment in aid of the Fourth Amendment, and further prosecution may require a defense based on First Amendment claims. Penal Law § 235.05 is not invalid on its face. The standard of obscenity adopted in Section 235.00, subdivision 1, is essentially the circumspect standard summed up in A Book Named John Cleland's Memoirs, etc. v. Massachusetts, 1966, 383 U.S. 413, 418, 86 S.Ct. 975, 16 L.Ed.2d 1, and Redrup v. New York, 1967, 386 U.S. 767, 87 S. Ct. 1414, 18 L.Ed.2d 515. See Mishkin v. New York, 1966, 383 U.S. 502, 506–507, 86 S.Ct. 958, 16 L.Ed.2d 56; Roth v. United States, 1957, 354 U.S. 476, 484, 487, 489, 491–492, 77 S.Ct. 1304, 1 L.Ed.2d 1498. *Cf.* American Law Institute, Model Penal Code, (Proposed Official Draft, 1962), § 251.4. Given the present view that dissemination of obscenity may be made criminal by a properly drafted statute, the New York statute does not on its face raise a substantial federal question of validity under the First and Fourteenth Amendments, and a reading of the statute with Code of Criminal Procedure § 177, subdivision 1, does not suggest the existence of a substantial federal question respecting the validity of the statute as so applied. That is not to say that there may not be occasion for Acerno and Burns to press federal constitutional contentions in aid of their defense, if, for example, by motions to suppress they wish to raise the point that the right of incident search cannot reach publications where there is a warrantless arrest, or if, for further example, they wish to press the point that the publication involved on its face is not obscene under the definition of Section 235.00, subdivision 1. But the fact that a state criminal case may involve defenses founded in the federal constitution is not a ground for federal judicial interference in the absence of special circumstances not here shown to exist. *Cf.* Douglas v. City of Jeanette, Pa., 1943, 319 U.S. 157, 162–164, 63 S. Ct. 877, 87 L.Ed. 1324; Dombrowski v. Pfister, *supra*, 380 U.S. at 483–485, 85 S.Ct. 1116, 14 L.Ed.2d 22. It follows, further, that in this case no basis exists for requesting the convocation of a three-judge court. *Cf.* Schackman v. Arnebergh, C.D.Cal.1966, 258 F.Supp. 983, dismissed for lack of jurisdiction, 1967, 387 U.S. 427, 87 S.Ct. 1622, 18 L. Ed.2d 865. See Moody v. Flowers, 1967, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643; Evergreen Review, Inc. v. Cahn, *supra*, 230 F.Supp. at 502.

In the circumstances it is not necessary to discuss the publication itself other than to say that the matter on pages 15 and 17 goes far to explain, whether or not it can justify, the arrests.

Accordingly it is

Ordered that the motion for a preliminary injunction is denied and the restraining order is vacated.